# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC STAMPS, | CASE NO. 1:08-cv-00004-AWI-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (Doc. 1) |
| Defendant. | |

### Screening Order

**I.  Screening Requirement**

Plaintiff Eric Stamps ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 2, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Summary of Plaintiff's Complaint

Plaintiff is currently housed at Avenal State Prison, where the events giving rise to the claims at issue in this action allegedly occurred. Plaintiff alleges a violation of his First Amendment right to file grievances. Plaintiff names the California Department of Corrections and Correctional Officer J. Reynolds as defendants.

As a preliminary matter, plaintiff may not bring suit against the California Department of Corrections and Rehabilitation in federal court because it is a state agency and is entitled to Eleventh Amendment immunity. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

Plaintiff alleges that defendant Reynolds retaliated against plaintiff for filing a prison grievance, by falsely stating that plaintiff told him "I ain't moving to that fucking gym with all those child molesters and rats." Plaintiff alleges that his life is now in jeopardy.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity. Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000); see also Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007); see also Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v. Hendrix, 423 F.3d 1247, 1250-51 (11th Cir. 2005); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005); Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Both litigation in court and filing inmate grievances are protected activities and it is impermissible for prison officials to retaliate against inmates for engaging in theses activities. However, not every allegedly adverse action will be sufficient to support a claim under section 1983 for retaliation. In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (retaliatory placement in administrative segregation for filing grievances); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (retaliatory validation as a gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267(9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (retaliatory prison transfer and double-cell status in retaliation); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (inmate labeled him a snitch and approached by other inmates and threatened with harm as a result); Rizzo v. Dawson, 778 F.2d 527, 530-32 (9th Cir. 1985) (retaliatory reassignment out of vocational class and transfer to a different prison).

In the present case, plaintiff's allegation that defendant Reynolds claimed that plaintiff had said that he refused to move to the gym with child molesters and rats is not sufficiently adverse to give rise to a claim for relief under section 1983. Plaintiff does not even state whom defendant Reynolds may have shared his remarks with. Therefore, plaintiff's complaint shall be dismissed,

1  with leave to file an amended complaint.

2  **III.    Conclusion and Order**

3  Plaintiff's complaint fails to state a claim upon which relief may be granted under federal
4  law. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the
5  deficiencies identified by the Court in this order. Plaintiff may not change the nature of this suit by
6  adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th
7  Cir. 2007) (no "buckshot" complaints).

8  Plaintiff is informed that he must demonstrate in his complaint how the conditions
9  complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625
10  F.2d 227 (9th Cir. 1980). The complaint must allege in brief but specific terms how each named
11  defendant is involved. There can be no liability unless there is some affirmative link or connection
12  between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976);
13  May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
14  1978).

15  Under section 1983, liability may not be imposed on supervisory personnel for the actions
16  of their employees under a theory of respondeat superior. When a named defendant holds a
17  supervisorial position, the causal link between that defendant and the claimed constitutional violation
18  must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.
19  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for
20  relief under section 1983 for supervisory liability, Plaintiff must allege some facts indicating that the
21  defendant either: personally participated in the alleged deprivation of constitutional rights; knew of
22  the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient
23  that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the
24  constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations
25  omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

26  Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
27  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
28  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **August 25, 2008**                    **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE