1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  | ERIC STAMPS,                               CASE NO. 1:08-cv-00004-AWI-DLB PC

10 |                     Plaintiff,             FINDINGS AND RECOMMENDATIONS
                                               RECOMMENDING DISMISSAL OF ACTION
11 |       v.                                  FOR FAILURE TO STATE ANY CLAIMS
                                               UNDER SECTION 1983
12 | CALIFORNIA DEPARTMENT OF
      CORRECTIONS,     et al.,                 (Doc. 12)
13 |
                       Defendants.             OBJECTIONS DUE WITHIN THIRTY DAYS
14 | _____/

15
16
17                        **Screening Order**

18 **I.    Screening Requirement**

19        Plaintiff Eric Stamps ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

20 in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on January 2, 2008.

21 On August 26, 2008, this Court dismissed Plaintiff's original complaint with leave to amend.  (Doc.

22 9.) Plaintiff filed a first amended complaint on September 30, 2008. (Doc. 10.)  On March 10, 2009,

23 the Court dismissed Plaintiff's first amended complaint, again with leave to amend.  (Doc. 12.)

24 Plaintiff filed a second amended complaint on March 31, 2009, which is now subject to the Court's

25 screening below.   (Doc. 12.)

26        The Court is required to screen complaints brought by prisoners seeking relief against a

27 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

28 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

1   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

3   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

4   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

5   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

7   exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

8   506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

9   plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

10  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

11  grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading

12  standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330

13  n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

14  of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

15  (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

16  **II.    Summary of Plaintiff's Second Amended Complaint**

17      The events giving rise to the claims at issue in this action allegedly occurred at Avenal State

18  Prison.  Plaintiff names Correctional Officer J. Reynolds as defendant.  Plaintiff alleges that

19  defendant Reynolds retaliated against plaintiff for filing a prison grievance, by falsely stating that

20  plaintiff said "I ain't moving to that fucking gym with all those child molesters and rats." Plaintiff

21  alleges that his life is now in jeopardy and that plaintiff is now mentally disturbed.

22      Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

23  the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

24  1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65

25  F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment

26  retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action

27  against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

28  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance

1   a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005). An

2   allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is

3   sufficient to support claim under section 1983.  <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1288 (9th Cir. 2003).

4            Adverse action is action that "would chill a person of ordinary firmness" from engaging in

5   that activity. <u>Pinard v. Clatskanie School Dist.</u>, 467 F.3d 755, 770 (9th Cir. 2006); <u>White v. Lee</u>, 227

6   F.3d 1214, 1228 (9th Cir. 2000); <u>see also</u> <u>Lewis v. Jacks</u>, 486 F.3d 1025, 1028 (8th Cir. 2007); <u>see</u>

7   <u>also</u> <u>Thomas v. Eby</u>, 481 F.3d 434, 440 (6th Cir. 2007); <u>Bennett v. Hendrix</u>, 423 F.3d 1247, 1250-51

8   (11th Cir. 2005); <u>Constantine v. Rectors & Visitors of George Mason Univ.</u>, 411 F.3d 474, 500 (4th

9   Cir. 2005); <u>Gill v. Pidlypchak</u>, 389 F.3d 379, 381 (2d Cir. 2004); <u>Rauser v. Horn</u>, 241 F.3d 330, 333

10  (3d Cir. 2001).  Both litigation in court and filing inmate grievances are protected activities and it

11  is impermissible for prison officials to retaliate against inmates for engaging in theses activities.

12  However, not every allegedly adverse action will be sufficient to support a claim under section 1983

13  for retaliation.  In the prison context, cases in this Circuit addressing First Amendment retaliation

14  claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff.

15  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 568 (9th Cir. 2005) (arbitrary confiscation and destruction of

16  property, initiation of a prison transfer, and assault in retaliation for filing grievances); <u>Austin v.</u>

17  <u>Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) (retaliatory placement in administrative segregation

18  for filing grievances); <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1288 (9th Cir. 2003) (retaliatory validation as

19  a gang member for filing grievances); <u>Hines v. Gomez</u>, 108 F.3d 265, 267(9th Cir. 1997) (retaliatory

20  issuance of false rules violation and subsequent finding of guilt); <u>Pratt v. Rowland</u>, 65 F.3d 802, 806

21  (9th Cir. 1995) (retaliatory prison transfer and double-cell status in retaliation); <u>Valandingham v.</u>

22  <u>Bojorquez</u>, 866 F.2d 1135, 1138 (9th Cir. 1989) (inmate labeled him a snitch and approached by

23  other inmates and threatened with harm as a result); <u>Rizzo v. Dawson</u>, 778 F.2d 527, 530-32 (9th

24  Cir. 1985) (retaliatory reassignment out of vocational class and transfer to a different prison).

25           In the present case, plaintiff's allegation that defendant Reynolds claimed that plaintiff had

26  said that he refused to move to the gym with child molesters and rats, without more, does not rise

27  to the level of a constitutional violation. As was previously explained twice to Plaintiff, it is unclear

28  who, if anyone, defendant Reynolds may have shared his remarks.  Plaintiff has not sufficiently

                                                        3

1    alleged an adverse action that would chill a person of ordinary firmness from engaging in the

2    protected activity.   Although Plaintiff indicates that he feels his life is in jeopardy, Plaintiff has not

3    sufficiently alleged the basis for his allegation. Plaintiff fails to state a cognizable claim.

4    　　　　Additionally, to the extent that Plaintiff is attempting to allege a claim based on violation of

5    the Eighth Amendment, Plaintiff also fails to state a claim.  As was explained in the Court's previous

6    screening order, to constitute cruel and unusual punishment in violation of the Eighth Amendment,

7    prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v.

8    Chapman, 452 U.S. 337, 347 (1981).   Although prison conditions may be restrictive and harsh,

9    prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and

10   personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray,

11   682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect

12   inmates from physical abuse. Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511

13   U.S. 825, 833 (1994).  To establish a violation of this duty, the inmate must establish that prison

14   officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety.

15   Farmer, 511 U.S. at 834.  The deliberate indifference standard involves an objective and a subjective

16   prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer

17   at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[]

18   of and disregard[] an excessive risk to inmate health or safety." Id. at 837.  Plaintiff has not

19   sufficiently alleged that defendant Reynolds knew of and disregarded a substantial risk of serious

20   harm to Plaintiff. Farmer at 837.

21   **III.    Conclusion and Recommendation**

22   　　　　Plaintiff's second amended complaint fails to state any claims upon which relief may be

23   granted under section 1983.   Given that Plaintiff has now twice amended to cure these very

24   deficiencies, but has been unable to do so, the Court recommends that Plaintiff not be given further

25   leave to amend.[1]  Accordingly, the Court HEREBY RECOMMENDS dismissal of this action, with

26   prejudice, for failure to state any claims upon which relief may be granted under section 1983.

27   

28   　　　　[1]"Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect."
Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 IT IS SO ORDERED.

**Dated:** **July 20, 2009**     **/s/ Dennis L. Beck**
            UNITED STATES MAGISTRATE JUDGE